IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDWARD D. WARD                                                             PLAINTIFF

V.                              CIVIL ACTION NO. 5:08cv241-DCB-MTP

CHRISTOPHER EPPS, ET AL.                                    DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Defendant Christopher Epps's *ore tenus* motion to dismiss. Defendant Epps made this motion during the omnibus hearing held on March 9, 2009. Plaintiff did not object to the motion, and therefore, it is unopposed. Having considered the Defendant's motion, the undersigned recommends that it be granted.

During the omnibus hearing, Plaintiff testified that he only named Christopher Epps as a Defendant in this matter because he is the Commissioner of the MDOC. Plaintiff failed to allege any specific claims against Mr. Epps, or specify any direct involvement by Mr. Epps in relation to his claims.

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

Plaintiff has failed to allege any facts reflecting Defendant Epps's participation in the

alleged violations, and has failed to allege any causal connection between Mr. Epps's conduct and the alleged violations. Accordingly, Plaintiff has failed to state a claim for a constitutional violation against Mr. Epps.

RECOMMENDATION

It is the recommendation of this court that Defendant Christopher Epps's *ore tenus* motion to dismiss Plaintiff's claims against him be GRANTED and that he be dismissed from this action with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th day of March, 2009.

s/ Michael T. Parker
United States Magistrate Judge